IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | | |
|---|---|---|
| LINDA VALERINO | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| ERIC HOLDER, in his official | : | |
| capacity as United States | : | |
| Attorney General | : | NO. 08-035 |

MEMORANDUM

Bartle, J.                                                                  December 4, 2013

Plaintiff Linda Valerino ("Valerino"), a Deputy U.S. Marshal ("DUSM") and currently acting pro se, has filed this action asserting claims of unlawful employment practice under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., against defendant Eric Holder in his official capacity as United States Attorney General. The lawsuit involves allegations of disparate treatment, retaliation, and the creation of a hostile work environment by Valerino's direct supervisors in the United States Marshals Service ("USMS") in the District of the Virgin Islands from September 20, 2005 to the present day. Valerino also avers discrimination and retaliation stemming from three failures to promote her, one in May 2008, and two in August 2008.

I.

The Government's partial motion to dismiss Valerino's Third Amended Complaint is before the court.[1] The Government filed its motion on May 5, 2011. At the same time, the Government filed its answer to all counts of the Third Amended Complaint except those constituting Valerino's failure to promote claims. Thus, the motion is properly construed as a motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure except as to the failure to promote claims. Stanley v. St. Croix Basic Serv., 291 F. Supp. 2d 379, 381 n.1 (D.V.I. 2003).[2] In deciding such a motion, "as with reviewing ... a Motion to Dismiss under 12(b)(6), we view the facts alleged in the pleadings and the inferences to be drawn from those facts in the light most favorable to the plaintiff." Leamer v. Fauver, 288 F.3d 532, 535 (3d Cir. 2002) (citing Jablonski v. Pan American World Airways, Inc., 863 F.2d 289, 290–91 (3d Cir. 1988)). After that review, "judgment should not [be] granted unless the moving party has established

---

[1] The Government's motion does not seek dismissal of Valerino's claims of disparate treatment, retaliation, and hostile work environment to the extent those claims are founded on misconduct alleged in complaints filed with the Equal Employment Opportunity Commission after August 2007.

[2] Valerino contends that claim preclusion is not properly asserted on a motion to dismiss where the issue does not "appear[] on the face of the complaint." See Iacaponi v. New Amsterdam Cas. Co., 379 F.2d 311, 312 (3d Cir. 1967). Having carefully considered her argument, which is relevant to the extent the instant motion is considered as one falling under Rule 12(b)(6), we conclude that it is without merit.

that there is no material issue of fact to resolve, and that it is entitled to judgment in its favor as a matter of law." Leamer, 288 F.3d at 535.

When deciding a motion to dismiss under Rule 12(b)(6), we must determine whether the pleading at issue "contain[s] sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim must do more than raise a "'mere possibility of misconduct.'"  Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Iqbal, 556 U.S. at 679).  Under this standard, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.  On a motion to dismiss, the court may consider "allegations contained in the complaint, exhibits attached to the complaint and matters of public record." Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993) (citing 5A Charles Allen Wright & Arthur R. Miller, Federal Practice and Procedure § 1357, at 299 (2d ed. 1990)).

II.

The following facts for present purposes are accepted as true or taken in the light most favorable to the plaintiff. Valerino has been employed as a DUSM by the USMS for

approximately 25 years and was assigned during the relevant time period to the U.S. Virgin Islands.  On September 20, 2005, nearly three years before the initiation of the present lawsuit, Valerino filed a multi-count employment discrimination complaint in this court against the USMS and several other defendants.  See Valerino v. United States, Civil Action No. 05-0139, 2008 WL 2076662 (D. V.I. May 15, 2008) (hereinafter "Valerino I").  On January 17, 2008, the Valerino I jury found that the USMS had "(1) discriminated against [Valerino] by failing to promote her to the position of Supervisory Deputy United States Marshal; (2) subjected [Valerino] to a hostile or abusive work environment; and (3) retaliated against [Valerino] for filing a complaint of discrimination with the Equal Employment Opportunity Commission."  Id. at *1.  The jury awarded her $500,000 in damages, which was reduced to the statutory limit of $300,000 plus $92,000 in back pay.  42 U.S.C. § 1981a(b)(3)(D).  A judgment was entered accordingly.

From September 20, 2005 to the present day, which includes the period of the Valerino I litigation, Valerino claims to have suffered from certain ongoing unlawful employment practices.  She continued to submit EEO complaints as Valerino I went forward, including one on August 9, 2006 and one on August 14, 2007.  Valerino attempted to present the facts underlying those complaints to the Valerino I jury, but the

-4-

court did not allow her to do so because "evidence regarding those complaints was beyond the scope of [Valerino I] and therefore inadmissible." Valerino I, 2008 WL 2076662, at *8.

On May 5, 2008, not four months after the verdict in Valerino I, Valerino initiated this action (hereinafter "Valerino II"). Valerino's present Third Amended Complaint contains three broad categories of allegations. First, she pleads that she has suffered from disparate treatment because male DUSMs in the St. Croix Office of the District of the Virgin Islands are treated more favorably than female DUSMs. Male DUSMs are, among many other averments, promptly approved for leave, promptly processed for reimbursements, allowed to conduct themselves improperly, promptly given firearms qualification training, included in mission briefings and planning sessions, and placed in supervisory positions, while female DUSMs are not. While a time period from "September 20, 2005 to the present" is alleged, there are no specific dates given to these allegations in the Third Amended Complaint. Given the time period provided, the Government has "assumed that Valerino II ... include[s] the allegations outlined in [Valerino]'s August 2006 and August 2007 EEO complaints." Valerino does not contest this assumption.

Second, Valerino points to conduct directed at her personally from the same time period as evidence of retaliation for seeking redress of her civil rights. Additionally, this

-5-

conduct has purportedly created a hostile work environment. For example, she claims to have faced undue delay of her leave slips, delay of reimbursements, refusal to qualify her to use her firearm, exclusion from mission briefings, denial of the chance to serve as Deputy in Charge, and the "[s]abotaging [her] District Personnel File with false information." Here again, the Third Amended Complaint contains allegations during a time period from September 20, 2005 to the present day but has no specific dates.

Finally, she alleges that the failure of the USMS to promote her to several open positions for which she was qualified and for which she applied in May and August 2008 constitutes both unlawful gender discrimination and retaliation.

According to Valerino, she has exhausted her administrative remedies with respect to all of these claims and is thus entitled to seek relief in this court.

On December 20, 2010, while this litigation, that is Valerino II, was ongoing, Valerino also initiated a class action lawsuit in the District of the Virgin Islands. See Valerino v. Holder, Civil Action No. 10-0123, 2011 WL 3918085 (D.V.I. Sept. 6, 2011) (hereinafter "Valerino III"). The class complaint in that case sought "redress for all USMS employees similarly situated who have suffered discrimination, retaliation and a hostile work environment through the Merit Promotion

Process."  The class complaint took issue with failures to promote various prospective class members from 2006 to December 2010.  While the class complaint in Valerino III made specific reference to failures to promote Valerino on December 18, 2008, it does not mention the May 2008 and August 2008 failures to promote that underlie Valerino's action before us.

Valerino III was transferred to the Eastern District of Virginia.  Valerino, 2011 WL 3918085, at *1.  The court there denied class certification in a May 31, 2012 order.  Valerino v. Holder, 283 F.R.D. 302, 304 (E.D. Va. 2012).  The court granted Valerino leave to file an amended complaint to pursue her individual claims, and she did so on July 17, 2012.  Second Amended Complaint, Valerino v. Holder, Civil Action No. 11-1124, (E.D. Va. 2011) (Doc. # 126).  That complaint only contained allegations concerning the December 2008 failures to promote.  The District Court for the Eastern District of Virginia granted summary judgment in favor of the Government on those claims, and the Court of Appeals for the Fourth Circuit affirmed.  Valerino v. Holder, No. 13-1390, 2013 WL 5273361, at *1 (4th Cir. Sept. 19, 2013).[3]  A motion for reconsideration of the Fourth Circuit's decision in Valerino III is presently pending.

---

[3]  We have requested and received supplemental briefing from the parties updating their arguments with respect to these proceedings that have occurred after the motion presently under consideration was filed.

III.

We first consider the Government's position that Valerino's failure to promote claims should be dismissed for failure to state a claim because they could have been, but were not, raised in Valerino III. The Government insists that dismissing these claims is appropriate under principles of claim preclusion.

Claim preclusion, traditionally known as res judicata, generally prevents the relitigation of claims between the same parties that arise out of the same cause of action when there was a prior, final judgment. United States v. Athlone Indus., Inc., 746 F.2d 977, 983 n.4 (3d Cir. 1984). As our Court of Appeals has explained:

> Claim preclusion gives dispositive effect to a prior judgment if "a particular issue, although not litigated, could have been raised in the earlier proceeding. Claim preclusion requires: (1) a final judgment on the merits in a prior suit involving; (2) the same parties or their privities; and (3) a subsequent suit based on the same cause of action." ... "Courts should not apply this conceptual test mechanically, but should focus on the central purpose of the doctrine, to require a plaintiff to present all claims arising out the same occurrence in a single suit."

Churchill v. Star Enter., 183 F.3d 184, 194 (3d Cir. 1999) (citation omitted) (quoting Athlone, 746 F.2d at 983-84).

The only factor at issue in this case is whether Valerino III and the instant suit are "based on the same cause

of action." Id. In determining this question, we focus on "whether the acts complained of were the same, whether the material facts alleged in each suit were the same, and whether the witnesses and documentation required to prove such allegations were the same." Duhaney v. Attorney General of the U.S., 621 F.3d 340, 348 (3d Cir. 2010) (quotation marks omitted) (quoting Lubrizol Corp. v. Exxon Corp., 929 F.2d 960, 963 (3d Cir. 1991)); see also Katz v. Food Sci. Corp., Civil Action No. 00-2769, 2000 WL 1230491, at *2 (E.D. Pa. Aug. 23, 2000).

A review of relevant case law underlines that this inquiry is designed to search for factual rather than legal similarity. In Churchill, a case upon which both parties rely, our Court of Appeals concluded that claim preclusion barred a plaintiff from bringing a second action in an employment context. Churchill, 183 F.3d at 195. The plaintiff in that case was diagnosed with cancer in October 1996, and her employer terminated her because of her disability in February 1997. Id. at 187. The court entered judgment in her favor after she received a jury verdict on Family and Medical Leave Act and state common-law claims. Id. at 188.

The plaintiff then brought a second suit under the Americans with Disabilities Act and associated state statutes. Id. at 188-89. Importantly, that second suit arose out of the same 1996-1997 conduct as the first suit: "in Churchill II [the

plaintiff] was seeking a recovery for essentially the same wrongful conduct for which she obtained a recovery in Churchill I." Id. at 195. Indeed, as the Government notes in its brief, our Court of Appeals instructed in Churchill that the main point of claim preclusion is "to require a plaintiff to present all claims arising out [of] the same occurrence in a single suit." Churchill, 183 F.3d at 194 (emphasis added). The court barred the second action as res judicata. Id. at 195.

Similarly, in Sheridan v. NGK Metals Corp., our Court of Appeals upheld a motion for judgment on the pleadings on claim preclusion grounds when a plaintiff, previously unsuccessful on state-law claims, attempted to bring a subsequent class action suit for medical monitoring. 609 F.3d 239, 260 (3d Cir. 2010). Both suits arose from the exact same set of circumstances during the exact same time period, to wit, the plaintiff's exposure to beryllium near the Reading Beryllium Facility from 1951 to 1956. Sheridan, 609 F.3d at 260.

This case is unlike Churchill or Sheridan. Valerino's July 17, 2012 individual complaint in Valerino III took issue with five failures to promote her, all of which occurred on December 19, 2008. In contrast, the March 2011 Third Amended Complaint in Valerino II contests three failures to promote, one on May 1, 2008, and two on August 8, 2008. The job listings for the positions in the present case are distinct from those in

Valerino III, and the circumstances for each appear to be different from those previously litigated.  There is nothing in the pleadings to suggest that the acts complained of, the surrounding material facts, or the documents required to prove the two cases are the same.  Duhaney, 621 F.3d at 348.  Furthermore, while the parties agree that some witnesses from Valerino III will also need to testify in Valerino II, neither party has identified which witnesses those would be or what share of the whole case their testimony would comprise.  The two cases are factually distinct.

      We recognize that we are not to apply the test for claim preclusion mechanically, but our case law compels the conclusion that Valerino's failure to promote claims in the present lawsuit are separate occurrences and are not the same "cause of action" as those in Valerino III.  See Duhaney, 621 F.3d at 348.  The Government's motion to dismiss Valerino's failure to promote claims, which are counts five through ten of her Third Amended Complaint, will be denied.

IV.

      We will next address the Government's argument that claim preclusion bars Valerino's allegations stemming from her August 2006 and August 2007 EEO complaints because they could

-11-

have been included in Valerino I.[4]  In Morgan v. Covington Township, our Court of Appeals joined five other circuits in adopting "a bright-line rule that res judicata does not apply to events post-dating the filing of the initial complaint."  648 F.3d 172, 177 (3d Cir. 2011).  The court explained that "[a] contrary rule would only invite disputes about whether plaintiffs could have amended their initial complaints to assert claims based on later-occurring incidents."  Morgan, 648 F.3d at 178.

The complaint in Valerino I was filed on September 20, 2005.  The Government argues that claim preclusion should bar later arising allegations included in her August 2006 and August 2007 EEO complaints because Valerino "did not move in Valerino I to amend her complaint [to include them], ... [n]or did she move for a stay of the Valerino I proceedings pending the exhaustion of her August 2007 EEO complaint."  Under Morgan, these arguments are without merit.  We will deny the Government's motion for judgment on the pleadings to the extent it seeks to bar, on the ground of claim preclusion, the allegations of events which occurred from Valerino's August 2006 and August

---

[4]  Based on submissions predating her Third Amended Complaint, Valerino argues that reaching this issue is procedurally improper.  With the filing of that Third Amended Complaint on March 31, 2011, the previous pleadings and associated motions are no longer before us.  These arguments are therefore moot.

2007 EEO complaints which arose after the complaint in Valerino I was filed.

V.

The Government finally seeks judgment on the pleadings based on Valerino's failure to exhaust her administrative remedies for any unlawful conduct that happened on or after September 20, 2005 and before May 3, 2006. In support, the Government argues that she "has included no allegations, in any of her EEO complaints, of events that occurred" during that time period.

A plaintiff must ordinarily pursue his or her Title VII case through the Equal Employment Opportunity Commission and obtain a "right-to-sue" letter before filing a federal lawsuit. See 42 U.S.C. §§ 2000e-5(e)(1), 2000e-5(f)(1). An EEO complaint must be filed within 180 days of the alleged misconduct. 42 U.S.C. §§ 2000e-5(e)(1). However, when hostile work environment is alleged, the eventual lawsuit may include facts outside of this 180-day "look-back" period as long as at least one "act contributing to the [hostile work environment] claim occurs within the filing period." Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 117 (2002).

With these principles set forth, we turn to Valerino's allegations to determine whether she has satisfied the statutory requirements. The contents of Valerino's August 2006 EEO

complaint have been provided to the court and may be considered in a Rule 12(c) setting as matters of public record. See, e.g., Bostic v. AT & T of the Virgin Islands, 166 F. Supp. 2d 350, 355 (D.V.I. 2001). The first EEO complaint was filed on August 9, 2006, and with the look-back period, it can reach conduct that was alleged to have occurred on or after February 10, 2006. 42 U.S.C. § 2000e-5(e)(1).

Contrary to the Government's assertions, the August 2006 EEO complaint, as amended, contains two allegations of misconduct during the February 10, 2006 through May 2, 2006 time period, including one on March 24, 2006 involving a Letter of Reprimand issued to Valerino but not to a similarly situated male DUSM, and one concerning a five-day span beginning on May 1, 2006 during which time Valerino claims that a less senior DUSM was placed in unofficial command while she was to be in command on paper. Both allegations can fairly be read to be included in the factual averments made in each of Valerino's present claims for disparate treatment, retaliation, and hostile work environment in the Third Amended Complaint.

For the time period from September 20, 2005 through May 2, 2006, we conclude that Valerino has exhausted her administrative remedies for her disparate treatment and retaliation claims only as they relate to these two specific allegations made in her August 2006 EEO complaint. In addition,

Valerino has properly exhausted her administrative remedies with respect to any misconduct that occurred from September 20, 2005 to May 2, 2006 used to support her hostile work environment claim.  Nat'l R.R. Passenger Corp., 536 U.S. at 117.[5]  Otherwise, the motion of the Government for judgment on the pleadings will be granted as to any misconduct from September 20, 2005 through May 2, 2006.

## VI.

In sum, we will grant in part and deny in part the Government's partial motion to dismiss for failure to state a claim, which as noted above is in part properly denominated as a motion for judgment on the pleadings.  We will deny the Government's motion to dismiss for failure to state a claim as to Valerino's failure to promote claims.  We will further deny the Government's motion for judgment on the pleadings to the extent it seeks judgment based on claim preclusion on Valerino's claims arising from her August 2006 and August 2007 EEO complaints in their entirety.  Finally, we will grant the Government's motion for judgment on the pleadings with respect to Valerino's failure to exhaust her administrative remedies for

---

[5]  Valerino maintains that she does not need to exhaust administrative remedies because it would be futile to do so.  In the alternative, she contends that the statutory look-back period allows her to bring suit for any allegations of disparate treatment or retaliation that occurred within 180 days of the EEO complaints, not just those actually alleged in the EEO complaints themselves.  Having carefully considered Valerino's arguments, we are not persuaded.

conduct after September 19, 2005 and before May 3, 2006 other than (a) the conduct alleged in her August 2006 EEO complaint to have occurred on March 24, 2006 and May 1-2, 2006; and (b) any conduct related to Valerino's hostile work environment claim.