IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | | |
|---|---|---|
| LINDA VALERINO | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| ERIC HOLDER, in his official | : | |
| capacity as United States | : | |
| Attorney General | : | NO. 08-035 |

MEMORANDUM

Bartle, J.                                                                                    August 22, 2014

      Plaintiff Linda Valerino ("Valerino"), a Deputy U.S. Marshal ("DUSM") stationed in St. Croix, has sued the Attorney General in his official capacity for gender discrimination and retaliation as a result of actions within the U.S. Marshals Service. Trial is currently scheduled to take place in St. Croix in January 2015.

      Plaintiff has now filed a motion to allow live testimony of witnesses via contemporaneous transmission from locations outside the District of the Virgin Islands. She relies on the second sentence of Rule 43(a) of the Federal Rules of Civil Procedure which states: "For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location." The defendant opposes the motion and cites Rule 45(c) which provides that:

> A subpoena may command a person to attend a
> trial, hearing, or deposition only as follows:

  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

We note that the first sentence of Rule 43(a) provides: "At trial, the witnesses' testimony must be taken in open court unless a federal statute, the Federal Rules of Evidence, these rules, or other rules adopted by the Supreme Court provide otherwise." Clearly, the second sentence on which plaintiff relies here in support of her motion is the exception to the general rule. The Advisory Committee note states:

> The importance of presenting live testimony in court cannot be forgotten. The very ceremony of trial and the presence of the factfinder may exert a powerful force for truthtelling. The opportunity to judge the demeanor of a witness face-to-face is accorded great value in our tradition. Transmission cannot be justified merely by showing that it is inconvenient for the witness to attend the trial.
>
> The most persuasive showings of good cause and compelling circumstances are likely to arise when a witness is unable to attend trial for unexpected reasons, such as accident or illness, but remains able to testify from a different place. Contemporaneous transmission may be better than an attempt to reschedule the trial, particularly if there is a risk that other—and perhaps more important—witnesses might not be available at a later time.
>
> Other possible justifications for remote transmission must be approached cautiously.

-2-

There are a number of decisions that have allowed contemporaneous transmission from a different location based on the compelling circumstances presented. See, e.g., In re Vioxx Prods. Liab. Litig., 439 F. Supp. 2d 640 (E.D. La. 2006); Dagen v. CFC Group Holdings, Ltd., Civil Action No. 00-5682, 2003 WL 22533425 (S.D.N.Y. Nov. 7, 2003); Federal Trade Comm'n v. Swedish Match N.A., Inc., 197 F.R.D. 1 (D.D.C. 2000). Other courts have denied the motions. See, e.g., Rodriguez v. SGLC, Inc., Civil Action No. 08-1971, 2012 WL 3704922 (E.D. Cal. Aug. 24, 2012); Cross v. Wyeth Pharm., Inc., Civil Action No. 06-429-T-23AEP, 2011 WL 2517211 (M.D. Fla. June 23, 2011); Air Turbine Tech., Inc. v. Atlas Copco AB, 217 F.R.D. 545 (S.D. Fla. 2003); Niemeyer v. Ford Motor Co., Civil Action No. 09-2091, 2012 WL 5199145 (D. Nev. Oct. 18, 2012). In each case, the court had before it the specific circumstances on which it could make its judgment.

In contrast to those cases, the plaintiff does not identify the witnesses in issue or why they will not be available to testify in person. She does not disclose the nature of their expected testimony. She does not tell the court whether the witnesses have been deposed or whether any deposition has been videotaped. Nor does plaintiff say whether any witness in question is a government employee whom the defendant may produce at plaintiff's request or who will be present to testify at trial. She

simply does not provide any factual basis on which the court could grant her motion.

The importance of having at trial live testimony or deposition testimony where the parties have been present for the deposition cannot be overemphasized. Yet there are occasions where the exception under Rule 43(a) is properly invoked. Contemporaneous transmission of testimony from remote locations should be allowed in the words of the Rule, only "for good cause in compelling circumstances." Since plaintiff has not met this stringent requirement, her motion will be denied.