### IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
### DIVISION OF ST. CROIX

| | |
|---|---|
| LINDA I. VALERINO<br><br>PLAINTIFF,<br><br>V.<br><br>ERIC HOLDER, IN HIS OFFICIAL CAPACITY AS UNITED STATES ATTORNEY GENERAL,<br><br>DEFENDANT. | CIV. NO. 08-CV-00035 (HB)<br><br>JURY TRIAL DEMANDED |

# REPLY TO PLAINTIFF'S MOTION FOR RETURN OF LAPTOP AND CASE MATERIALS

**AND NOW, COMES** Manning Legal Services, PC and hereby responds to Plaintiff's Motion.

1. In or around April 2014, the Plaintiff insisted that the undersigned counsel not use his business laptop which had access to a network of her former counsel. The undersigned counsel informed the Plaintiff that even though the computer had access to the network, files not placed on the server would not be accessible. Irrespective of this, the Plaintiff insisted that counsel not use his business laptop for her case. The Plaintiff thereafter ordered a separate laptop and represented to counsel that she would just deduct the sum from any judgment or settlement in this case.

2. The Plaintiff demanded that counsel work "double time" on her case and instead of carrying around two laptops, counsel loaded all of his current cases on said laptop and computed with it, even though his laptop sits unused in his office.

3. Subsequent to his termination, counsel decided to extend his off-island trip. The Plaintiff requested that she be given the laptop the same day, the Plaintiff was advised that counsel was not on island and that after he returned he would remove and retain his files, clean the hard drive and return it to the Plaintiff. The Plaintiff thereafter

claimed as an alternative that counsel western union to her, $640 that day. (December 16, 2014). See Exhibit 1. Counsel refused and reiterated to the Plaintiff that he has a working laptop in his office and would return said computer to her upon his return. The Plaintiff thereafter demanded that counsel overnight the computer that day on the 16th. During that time, the Plaintiff dangled "filing a motion" if counsel did not adhere to her demands.

4. Throughout his representation of the Plaintiff, the Plaintiff insisted that she see all communications between counsel and counsel for the Defendant and that before any correspondence is sent to the Defendant that she have the final editorial authority, therefore the Plaintiff has all communication between counsel and the Defendant.

5. The Plaintiff has had free access to the CM/ECF system as to this case, therefore the Plaintiff has any and all motions and orders entered in this case.

6. The Plaintiff demanded that prior to counsel filing any documents in this case that she have final editorial authority. Counsel has drafted documents on some occasions only to have the Plaintiff create her own version. Moreover, counsel has had to argue with the Plaintiff as to the current state of Third Circuit case law with the Plaintiff therefore the Plaintiff has all of counsel's mental impressions as to the law and any facts required to overcome sufficiency of the evidence challenges at trial.

7. Counsel also has notified the Plaintiff of the status of her subpoenas and identified the process server to her.

8. In sum, the Plaintiff has any and all case materials and files in this case. The files the Plaintiff is referring to are copies of compact discs that she burned that had case materials on them. In other words, those files are backup copies of files that she already has! As to the laptop, counsel is not currently in St. Croix and has agreed to return the computer once he has removed the files in this case, including hers that comprise of more than 7,000 pages of documents. Counsel needs to particularly retain the files in this case because the Plaintiff's modus operandi has been to file grievances in the Virgin Islands and Virginia against her prior counsel as a fee dispute mechanism.

Respectfully Submitted,

MANNING LEGAL SERVICES, P.C.

DATED:  December 22, 2014			By:	/s/Yohana Manning, Esq.          
						Yohana M. Manning, Esq.
						VI Bar No. 1053
						53A Company St., 2nd Fl.
						2120 Company St., Ste 1
						Christiansted VI 00820-4945
						(P) 340-719-0601 Ext. 115
						(F) 888-364-1967
						 Yohana05@gmail.com

## CERTIFICATE OF SERVICE

I certify that on December 22, 2014, I filed the foregoing electronically with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing to:

Stephanie Fidler
Assistant United States Attorney
United States Attorney's Office
99 N.E. 4th Street, 3rd Floor
Miami, FL 33132
ATTORNEY FOR DEFENDANT

Linda I Valerino
beestonhill5000@yahoo.com

					By:   /s/ Yohana Manning
						YOHANA MANNING, ESQ.
						Attorney for Plaintiff